UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMAD SINA CHEHRAZI,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States; GREOGORY J. ARCHAMBEAULT, San Diego Field Office Director, Bureau of Immigration and Customs Enforcement; JEREMY CASEY, Imperial Regional Detention Facility Administrator,

Respondents.

Case No.:  3:26-cv-02929-LEK-AHG

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241**

Before the Court is Petitioner Mohammad Sina Chehrazi's ("Petitioner") Petition for a Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 ("Petition"), filed on May 8, 2026. [Dkt. no. 1.] Respondents Markwayne Mullin, Secretary of Homeland Security; Todd Blanche, Acting Attorney General of the United States; Greogory J. Archambeault, San Diego Field Office Director, Bureau of Immigration and Customs Enforcement; and Jeremy Casey, Imperial Regional Detention Facility Administrator ("Respondents"), filed a Response to Petition ("Response") on May 18, 2026. [Dkt. no. 5.] While the Court acknowledges that the time to file a reply has not yet passed, upon review of the Petition and the Response, the Court finds that additional argument is not necessary.

Petitioner, a native and citizen of Iran, entered the United States without authorization on February 11, 2025. See Petition at pg. 3. Petitioner alleges that, at the time he filed his Petition, was detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division, at the Imperial Regional Detention Facility in Calexico, California. See id. at pg. 4. Petitioner alleges he is entitled to, *inter alia,* an individualized bond hearing with certain procedural safeguards. See id. at pgs. 5-6.

Respondents contend that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)." [Response at 2 (citation omitted).] Respondents, however, "acknowledge[] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention." [Id.] In light of those rulings and the amount of time that Petitioner has been detained, Respondents "concede[] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." [Id. (citations omitted).]

Petitioner's request for an individualized bond hearing is granted. To address Petitioner's concerns, the Court makes the following orders regarding the bond hearing:

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in Singh [v. Holder, 638

3:26-cv-02929-LEK-AHG

F.3d 1196 (9th Cir. 2011),[1]] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to the Court for appropriate sanctions.

Petitioner has also requested that the Court award him attorney's fees and costs. See Petition at pg. 7. The Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. The Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## **CONCLUSION**

For the foregoing reasons, Petitioner Mohammad Sina Chehrazi's Petition for a Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241, filed May 8, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order within seven days of the filing of this Order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing the Court of the outcome of the bond hearing by **May 26, 2026**.

IT IS SO ORDERED.

---

[1] Singh was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). See, e.g., Gao v. LaRose, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025).

3:26-cv-02929-LEK-AHG

DATED AT HONOLULU, HAWAII, May 19, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**MAHAMMAD SINA CHEHRAZI VS. MARYWAYNE MULLIN, ETC., ET AL; CV 26-02929 LEK-AHG; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241**

3:26-cv-02929-LEK-AHG